UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE LETROY BERRY,

    Plaintiff,

v.

DAVID M. LAWSON,

    Defendant.

_____/

Case No. 17-11360

HON. AVERN COHN

### ORDER REOPENING CASE AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE
### AND
### DISMISSING CASE

I.

On April 24, 2017, plaintiff Duane Letroy Berry (Berry) filed a pro se complaint naming David M. Lawson, a district judge in this district,[*] as defendant. Berry did not pay the filing fee and did not submit a form to proceed without payment of the filing fee (IFP). Accordingly, on May 1, 2017, the Clerk entered a Notice of Filing Fee Not Paid (Doc. 3) directing that Berry either pay the filing fee or file an application to proceed IFP within seven (7) days, or by May 8, 2017. The Notice also said that if Berry did not comply, "this case may be dismissed." Berry did not pay the filing fee or submit an application by that date. As such, the Court dismissed the case without prejudice (Doc. 4).

On the same day as the dismissal order issued, the Clerk docketed Berry's IFP

---

[*] Ordinarily, the undersigned would consider recusal in light of the named defendant. However, because the complaint is subject to summary dismissal, recusal is unnecessary.

application which was apparently mailed on May 6, 2017 and filed May 11, 2017. (Doc. 5). Although the IFP application was filed and docketed late, it was timely mailed. Under the circumstances, the case is REOPENED. Based on the information in the application, Berry is GRANTED IFP status. See 28 U.S.C. § 1915(a)(1). However, as explained below, the case will be dismissed on the grounds that it fails to state a claim.

II.

On November 19, 2015, Berry was indicted in a criminal case in this Court. See United States v. Berry, No. 15-cr-20743 (E.D. Mich. Nov. 19, 2015). The case was assigned to Judge Lawson. During those proceedings, Judge Lawson held a hearing to determine whether Berry was competent to stand trial. Judge Lawson found Berry incompetent to stand trial and ordered that Berry be civilly committed. Thereafter, Berry filed a petition for a writ of habeas corpus. See Berry v. United States, No. 2:16-cv-12041 (E.D. Mich. June 2, 2016). On October 18, 2016, Judge Lawson denied the petition. See Doc. 13 in case no. 16-12041.

On December 28, 2016, Berry filed a pro se complaint naming Craig A. Daly his criminal defense attorney in the case before Judge Lawson, and Judge Lawson as defendants. Berry v. Daley, No. 16-14495 (E.D. Mich. Dec. 28, 2016). This case was before a different judge in this district. The case was summarily dismissed on January 26, 2017 for failure to state a claim. See Doc. 6 in case no. 16-14495.

As noted above, Berry filed the instant complaint naming Judge Lawson as a defendant on April 24, 2017.

III.

Under § 1915 (e)(2) a Court may dismiss a complaint at any time if it determines

2

that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

IV.

Here, the complaint lacks an "arguable basis" in law against Judge Lawson. Judge Lawson is immune from Berry's claims under the well-established doctrine of judicial immunity. Under this doctrine, Judge Lawson enjoys both immunity from liability and immunity from suit, see Mireles v. Waco, 502 U.S. 9, 11 (1991), and this immunity protects Judge Lawson even if Berry seeks injunctive relief rather than money damages. See Kipen v. Lawson, 57 Fed. App'x 691, 691 (6th Cir. 2003) (citing Bolin v. Story, 225 F.3d 1234, 1240-42 (11th Cir. 2000)). Nothing in the complaint, to the extent it can be intelligently read, overcomes Judge Lawson's judicial immunity.

3

V.

For the reasons stated above, the complaint is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §1915(e)(2)(B). The Court also certifies that any appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

                                            S/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated: May 25, 2017
      Detroit, Michigan