UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE LETROY BERRY,

    Plaintiff,

v.

DAVID M. LAWSON,

    Defendant.
_____/

Case No. 17-11360

HON. AVERN COHN

## ORDER DENYING PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 60(b) and FED. R. CIV. P. 7(d) (Doc. 8)

I.

On April 24, 2017, plaintiff Duane Letroy Berry (Berry) filed a pro se complaint naming David M. Lawson, a district judge in this district, as defendant. Berry did not pay the filing fee and did not submit a form to proceed without payment of the filing fee (IFP). Accordingly, on May 1, 2017, the Clerk entered a Notice of Filing Fee Not Paid (Doc. 3) directing that Berry either pay the filing fee or file an application to proceed IFP within seven (7) days, or by May 8, 2017. The Notice also said that if Berry did not comply, "this case may be dismissed." Berry did not pay the filing fee or submit an application by that date. As such, the Court dismissed the case without prejudice (Doc. 4).

On the same day as the dismissal order issued, the Clerk docketed Berry's IFP application which was apparently mailed on May 6, 2017 and filed May 11, 2017. (Doc. 5). Although the IFP application was filed and docketed late, it was timely mailed. Under the circumstances, the Court reopened the case, granted Berry IFP status and dismissed the case under 28 U.S.C. § 1915(e)(2) for failure to state a claim. (Doc. 10).

Before the Court is Berry's motion for relief under Fed. R. Civ. P. 60(b) and Fed. R.

Civ. P. 77(d). Berry seeks reconsideration of the dismissal of his case, claiming that the order of dismissal is void. For the reasons that follow, the motion is DENIED.

II. Legal Standard[1]

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Berry has not satisfied this standard. To the extent his motion can be intelligently read, the Court finds it did not err in dismissing the case. As explained in the order of dismissal, Judge Lawson enjoys immunity from suit. In light of this decision, any pending motions are MOOT. See Doc. 7.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 5, 2017
Detroit, Michigan

---

[1] Berry also cites Fed. R. Civ. P. 77(d). Rule 77(d) pertains to Serving Notice of an Order or Judgment and the (2) Time to Appeal Not Affected by Lack of Notice. Rule 77(d) does not appear relevant to the relief Berry seeks, which is essentially a reconsideration of the dismissal of his case.